UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BARRY C. McANARNEY, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LABORERS' ANNUITY FUND; JAMES V. MERLONI, JR., as he is ADMINISTRATOR, NEW ENGLAND LABORERS' TRAINING TRUST FUND; and JOSEPH BONFIGLIO, as he is TRUSTEE, MASSACHUSETTS LABORERS' LEGAL SERVICES FUND,
          Plaintiffs,

v.

M&S CLEANING SERVICES LLC,
          Defendant.

C.A. No.

**VERIFIED COMPLAINT**

**NATURE OF ACTION**

1.    This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligations to make contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

2.    The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## **PARTIES**

3.     Plaintiff Barry C. McAnarney is the Executive Director of the Massachusetts Laborers' Health and Welfare Fund.  The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3).  It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants.  The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4.     Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Pension Fund.  The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  It provides participants with a defined pension benefit.  The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5.     Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Annuity Fund.  The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  This Fund is a defined contribution fund.  The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6.     Plaintiff James V. Merloni, Jr. is the Administrator of the New England Laborers' Training Trust Fund.  The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  This Fund trains apprentices and journey workers in the construction industry.  The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7. Plaintiff Joseph Bonfiglio is a Trustee of the Massachusetts Laborers' Legal Services Fund.  The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37).  They are hereinafter collectively referred to as "the Funds."  The Funds are third party beneficiaries of the collective bargaining agreement between Defendant M&S Cleaning Services LLC ("M&S") and the Massachusetts Laborers' District Council ("Union").

9. Defendant M&S is a Massachusetts Limited Liability Company with a principal place of business at 26 Harvard Street, Dorchester, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## GENERAL ALLEGATIONS OF FACT

10. On or about August 5, 2013, M&S agreed in writing to be bound to the terms of the Acceptance of Agreement(s) and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements.  A true and accurate copy of M&S's signed Acceptance of Agreement(s) and Declarations of Trust ("Acceptance of Agreements") is attached hereto as Exhibit A.

11. Because of the Acceptance of Agreements, M&S is party to the Building and Site Construction Agreement between the Union and the Associated General Contractors Association of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern

Massachusetts, Inc. (the "CBA") as well as the collective bargaining agreements between the Union and the Construction Industries Association of Western Massachusetts, Inc. and between the Union and the General Contractors' Association of Pittsfield, Massachusetts, Inc.  All of the agreement's terms that are relevant to this case are materially the same as those contained in the CBA.  A copy of the relevant pages of the 2012 - 2016 CBA is attached hereto as Exhibit B.

12. The CBA requires employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein.  See Ex. B, pp. 25-30, 49.

13. The CBA also requires employers to remit contributions to the New England Laborers' Health and Safety Fund, the New England Laborers' Labor-Management Cooperation Trust Fund, the Massachusetts Construction Advancement Program and the Massachusetts Laborers' Unified Trust for each hour worked by covered employees at prescribed rates. Further, it specifies that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds.  Id. at 21-23, 26-27, 31-33.  The Funds and the Union have an agreement which allows the Funds to collect the dues on behalf of the Union.

14. All employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs to collect the delinquency.  See Ex. B, pp. 34-35.

15. Signatory contractors such as M&S are obligated to submit remittance reports on a monthly basis, on which they list the hours worked by their employees and calculate the

amount of contributions due the Funds for all work performed by their employees in a given month. They are also required to submit to periodic audits of their payroll related records.

16. In or about August, 2015 the Funds contacted M&S and arranged for an audit to be held on September 8, 2015 at a location requested by M&S. However, when the auditor arrived at the location on September 8, 2015, no one from M&S was present and no one from M&S responded to the Funds' calls that day or in the days and weeks that followed. The Funds cannot determine the Company's compliance with its obligation to contribute to the Funds, including whether contributions are due to the Funds, without completion of an audit.

## COUNT I - VIOLATION OF ERISA - REFUSAL TO COMPLY WITH AUDIT

17. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 16 above.

18. Section 209 of ERISA, 29 U.S.C. §1059, requires employers to maintain and furnish to plan administrators records with regard to their employees sufficient to determine the benefits due or which may become due to such employees.

19. Absent an order from this Court, M&S will continue to fail and refuse to comply with the ERISA Funds' demand for an audit, and as a result, the Funds will be unable to determine the benefits due to the Company's employees; unable to determine the company's compliance with its obligation to contribute to the ERISA Funds; and unable to calculate and collect the full amount of contributions owed by M&S, all of which will irreparably damage the ERISA Funds and their participants.

20. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - DELINQUENT CONTRIBUTIONS, INTEREST, AND DUES

21. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 above.

22. The CBA is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

23. M&S's failure to fully comply with the Funds' demand for an audit as required by the Agreement, violates Section 301 of the LMRA, as amended, 29 USC §185.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a. Order the attachment of the machinery, inventory and accounts receivable of M&S;

b. Enter a preliminary and permanent injunction enjoining M&S from refusing or failing to pay all contributions and interest owed to the Funds;

c. Order M&S to comply with an audit by the Funds and to make available to the Funds or their duly authorized representative all of its payroll records and contract-related records, including, but not limited to, file copies of contribution reports, payroll tax returns, employee's earning records and hours worked, corporate tax returns, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations for the period of August, 2014 through September, 2015 until the date of the Court's order, and all time and materials slips, purchase orders and receipts for all jobs worked between for the period of August, 2014 through September, 2015 until the date of the Court's order, all for the purpose of ascertaining the amounts, if any, of unpaid contributions and other amounts owed for that period;

d. Enter a preliminary and permanent injunction enjoining M&S from refusing or failing to provide the records as prayed for in the preceding paragraph;

e. Enter judgment on Counts I and II in favor of the Plaintiffs in the amount of all contributions found to be due after completion of the audit, along with any additional amounts determined by the Court to be owed the Plaintiffs, or which may become due during the pendency of this action, together with interest on the unpaid contributions from the due date, liquidated damages, reasonable attorneys' fees and costs, and audit costs, all pursuant to 29 U.S.C. §1132(g)(2) and §301 of the LMRA; and

f. Such further and other relief as this Court deems appropriate.

Respectfully submitted,

BARRY C. McANARNEY, as he is
EXECUTIVE DIRECTOR,
MASSACHUSETTS LABORERS'
HEALTH AND WELFARE FUND, *et al.*,

By their attorneys,

/s/ Anne R. Sills
Anne R. Sills, Esquire
BBO #546576
Alexander Sugerman-Brozan, Esquire
BBO #650980
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA  02109
(617) 742-0208, Ext. 232
asills@segalroitman.com

Dated:  October 15, 2015

**VERIFICATION**

I, James V. Morgan, Assistant Executive Director for the Massachusetts Laborers' Health and Welfare, Pension, and Annuity Funds, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 15th DAY OF OCTOBER, 2015.

/s/ James V. Morgan
James V. Morgan

ARS/asb,ars&ts  6306 15-374/complt.doc